**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re: Arbitration Between** <br><br> **RAYMOND L. LOEWEN,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **UNITED STATES OF AMERICA,** <br><br> **Respondent.** | ) | **Civil Action No. 04-2151 (RWR)** |

**MEMORANDUM OPINION**

Petitioner Raymond L. Loewen and the respondent United States of America were parties to an arbitration proceeding under the North American Free Trade Agreement ("NAFTA"). Petitioner now seeks to vacate the arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10 (2000). The motion will be denied and the petition will be dismissed because it is time-barred under 9 U.S.C. § 12.

**BACKGROUND**

In the prior arbitration proceeding, petitioner, a Canadian, and The Loewen Group, Inc. ("TLGI"), a Canadian corporation, alleged NAFTA claims stemming from a $500 million Mississippi trial jury award adverse to petitioner and TLGI, and the subsequent application of a state law requiring an appeal bond of 125 per cent. Seeking $725 million in damages from the United States, petitioner and TLGI submitted their respective NAFTA

claims to arbitration governed by the International Centre for the Settlement of Investment Disputes ("ICSID") Additional Facility ("AF") Rules. The tribunal dismissed the claims in their entirety on jurisdictional grounds in an award dispatched to the parties on June 26, 2003. In pertinent part, the award states:

> ORDERS
>
> For the following reasons the Tribunal unanimously decides –
>
> (1) That it lacks jurisdiction to determine TLGI's claims under NAFTA concerning the decisions of the United States courts in consequence of TLGI's assignment of those claims to a Canadian corporation owned and controlled by a United States corporation.
>
> (2) That it lacks jurisdiction to determine Raymond L. Loewen's claims under NAFTA concerning decisions of the United States courts on the ground that it was not shown that he owned or controlled directly or indirectly TLGI when the claims were submitted to arbitration or after TLGI was reorganized under Chapter 11 of the United States Bankruptcy Code.
>
> (3) TLGI's claims and Raymond L. Loewen's are hereby dismissed in their entirety.
>
> (4) That each party shall bear its own costs, and shall bear equally the expenses of the Tribunal and the Secretariat.

Award, The Loewen Group, Inc. and Raymond L. Loewen v. United States, ICSID Cases No. ARB(AF)/98/3/(June 26, 2003) ("Award"), at 69-70.

After the award issued, the United States requested a "supplementary decision" to "clarify [the tribunal's June 26, 2003] unanimous [a]ward . . . in one minor respect," because "although the reasoning of the Tribunal's Award disposes of all the claims in the case - - and the operative part of the Award dismisses the claims of both Claimants 'in their entirety' - - the Award does not expressly recite its disposition of Raymond Loewen's [NAFTA] article 1116 claims." Resp.'s Req. for Supplementary Decision, Aug. 11, 2003 ("Resp.'s Request"), at 1 (appended as Ex. 8 to Resp.'s Opp'n to Pet.'s Mot. to Vacate and Remand Arbitration Award ("Resp.'s Opp'n").) Petitioner made a submission advancing the argument, among others, that the tribunal had failed to consider his article 1116 claim. (See Article 58 Submissions as to Raymond L. Loewen's Article 1116 Claim, ¶¶ 2, 4 (appended as Ex. 9 to Resp.'s Opp'n).) The tribunal refused respondent's request for a supplementary decision because it had addressed and determined all claims submitted. See Decision, The Loewen Group, Inc. and Raymond L. Loewen v. United States of America, ICSID Case No. ARB(AF)/98/3, Aug. 17, 2004 ("Decision"), at 6 ("ORDERS (1) The request is denied.") (appended as Ex. 10 to Resp.'s Opp'n). In explaining its refusal, the tribunal stated that

> [T]he dismissal of all the claims 'in their entirety' following the examination of the merits was necessarily a resolution of the article 1116 claim. That dismissal was a consequence of the reasoning expressed in paras

> 213-216. We therefore reject the argument that the Award did not deal with the art. 1116 claim.

Decision, ¶ 20.

On December 13, 2004, Loewen instituted this action through a petition to vacate and remand the arbitration award. Petitioner argues that the tribunal engaged in "disturbing misconduct" and showed a "manifest disregard for the law" because it "never fairly and impartially heard and considered the relevant evidence." (Pet.'s Mot. to Vacate and Remand Arbitration Award ("Pet.'s Mot.") at 37.) Respondents argue that the motion should not be considered because it is time-barred, but that if it is considered, it should be denied on the merits. (Resp.'s Opp'n at 18 - 44.)

**DISCUSSION**

The FAA requires a petitioner to serve "[n]otice of a motion to vacate . . . within three months after the award is filed or delivered." 9 U.S.C. § 12. "There is no statutory exception to this time limitation." Thyssen Carbometal Co. v. FAI Energy, Ltd., Civil Action No. 89-1695 (JHG), 1990 U.S. Dist. Lexis 427, *6 (Jan. 16, 1990 D.D.C.). There is also no common law exception to this time limitation. See Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984). Failure to move to vacate the award within the three-month time period provided by the statute precludes a party from later seeking that relief. See id.

Petitioner served his notice of motion to vacate the award on December 13, 2004, some eighteen months after the tribunal delivered its award on June 26, 2003. Petitioner does not dispute that 9 U.S.C. § 12 requires him to act within three months of the date of a final award. Instead, he argues that the June 26, 2003 award was not complete, i.e., not final for purposes of moving to vacate it, until the tribunal responded to the respondent's request for a supplementary decision. (See Pet.'s Reply at 5-7.) Petitioner asserts that "the U.S. request . . . precluded Mr. Loewen from seeking to vacate the Award at that time." (Pet.'s Mot. at 9 (emphasis added).)

Petitioner's position is inconsistent with the plain language of the ICSID Rules, the FAA, and case law in this district and elsewhere. The relevant ICSID Rule provides that an award "shall contain . . . the decision of the Tribunal on every question submitted to it, together with the reasons upon which the decision is based," and "[t]he award shall be final and binding on the parties." See ICSID AF Rules (appended as Ex. 2 to Pet.'s Reply), Art. 52. The ICSID AF Rule on supplementary decisions permits a party, within certain time limits, to "request the Tribunal . . . to decide any question which it had omitted to decide in the award," and provides that any supplementary decision of the tribunal "shall become part of the

award." See ICSID AF Rules, Art. 57 (previously Art. 58).[1] Thus, the ICSID AF Rules contemplate the possibility that a submitted question is not answered by an award and provides a corrective procedure. If there is a supplementary decision - - which is not the case here - - that decision supplements the award, that is, "become[s] part of the award." Id. The Rules do not expressly provide, as they could have, that an award is final and binding unless a party seeks a supplementary decision. The ICSID AF Rules, whether viewed individually or as a whole, neither state nor imply that an already-filed award is rendered not final by virtue of the fact that a party makes a request for a supplementary decision. Rather, the plain language of the Rules states that an award is final and binding on the parties when it issues. See ICSID AF Rules, Art. 42.

Case law on the finality of awards is consonant with this interpretation of the ICSID Rules. "Normally, an arbitral award is deemed 'final' provided it evidences the arbitrators' intention to resolve all claims submitted in the demand for arbitration . . . ." Fradella v. Petricca, 183 F.3d 17, 19 (1st Cir. 1999); accord Am. Fed'n of Gov't Employees AFL-CIO Local

[1] Respondent's request erroneously cites ICSID AF Art. 58 as the provision authorizing its request, when in fact, the ICSID AF Rules had changed effective January 1, 2003, and the governing provision at the time of the request was Art. 57. The language of the new Art. 57 was identical to the language of the previous Art. 58; only the number changed.

3090 v. Fed. Labor Relations Auth., 777 F.2d 751, 755 (D.C. Cir. 1985) (noting that private sector labor arbitral awards are deemed final "if they purport to resolve all aspects of the dispute being arbitrated"). Here, there can be no doubt that the arbitrators intended the award to dispose of all claims. The award stated without qualification that "TLGI's claims and Raymond L. Loewen's are dismissed in their entirety." Award at 70.

Petitioner's argument recasting the operative date of an award to a later date has been considered and rejected already in this district. In Thyssen Carbometal, respondent argued that for purposes of the time limits imposed on a notice of motion to vacate an arbitral award, an award should be "deemed issued . . . [as of] the day that the arbitrators reaffirmed their award pursuant to . . . [respondent's] motion for clarification, reconsideration, and modification" rather than the date on which the award was first delivered. 1990 U.S. Dist. Lexis 427, *6. The respondent argued that "its filing of the application to modify or correct means that the decision of the arbitrators was not final for the purposes of the 90-day limits." Id. at *7. The court found that the argument lacked merit and denied respondent's motion to vacate as untimely. Id. at *7, 10.

Petitioner's position, if accepted, would establish a rule permitting any party to render an award incomplete or non-final

by the mere act of requesting a supplementary decision or a clarification "in one minor respect." Resp.'s Req. at 1. Petitioner cites no case law to support his position and the court is aware of none. Other courts have reached the opposite conclusion. "[A] party moving for reconsideration of an arbitration award [does not] toll the running of the limitations period." Int'l Ass'n of Bridge Structural & Ornamental Iron Workers Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 928 F. Supp. 83, 86-87 (D. Mass. 1986) (citing Dreis & Kemp Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers, 802 F.2d 247, 250 (7th Cir. 1986)). This must be so, because

> if the limitations period prescribed in [9 U.S.C.] § 12 were subject to suspension simply because an arbitral award contained an error, even though the arbitrators had intended to resolve all submitted "claims," an unsuccessful party could preclude the commencement - - or suspend the running - - of the limitations period simply by alleging subsidiary errors in their [9 U.S.C.] § 10 motions to vacate an adverse arbitral award. Thus, the contention that mere error - - whether ministerial, procedural, or substantive - - renders an arbitral award non-"final" is fatally flawed.

Fradella, 183 F.3d at 20 (emphasis in the original). Nor does "an application to modify or clarify an arbitral award toll[] the FAA § 12 limitations period." Id.

CONCLUSION

The ICSID AF Rules specify that an award is final and binding on the parties when it is dispatched and the award

dispatched on June 26, 2003 evidenced the arbitrators' intention that the award was final. The FAA allows a party only three months after an award is delivered to file a notice of motion to vacate. Because the petitioner did not serve a notice of motion to vacate by September 26, 2003, petitioner's motion is now time-barred. Accordingly, petitioner's motion will be denied and the petition dismissed. An final order accompanies this Memorandum Opinion.

SIGNED this 31st day of October, 2005.

/s/
RICHARD W. ROBERTS
United States District Judge